UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MORAN,

        Petitioner,         Case No. 2:98-cv-74530

v.        Hon. Brandy R. McMillion
        United States District Judge

DENNIS M. STRAUB,

        Respondent.

_____,

**OPINION AND ORDER TRANSFERRING PETITIONER'S MOTION (ECF NO. 58) TO THE SIXTH CIRCUIT COURT OF APPEALS**

Petitioner Michael John Moran ("Moran") was convicted of first-degree felony murder and felony firearm in 1994. In 1998, he filed a petition for a writ of habeas corpus. The Court denied the petition.[1] *See* Op. & Order Dismissing Pet. For Writ of Habeas Corpus, *Morand v. Straub*, No. 98-74530 (E.D. Mich. Oct. 14, 1999). The Sixth Circuit Court of Appeals denied Moran's motion for a certificate of appealability. *See Moran v. Straub*, No. 99-2296 (6th Cir. Feb. 9, 2000). Now before the Court is Moran's motion seeking relief from judgment under Federal Rule of Civil Procedure 60(d)(1), (3).

Rule 60(d) grants a court the power to:

---

[1] This case was originally assigned to the Honorable Lawrence P. Zatkoff, who issued the opinion denying habeas relief. The case was reassigned to the undersigned on June 5, 2025. *See* 6/5/2025 Text-Only Order of Reassignment.

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

An independent action under Rule 60(d)(1) is "'available only to prevent a grave miscarriage of justice.'" *Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). A "grave miscarriage of justice" is a "stringent and demanding standard." *Id.* (internal citations omitted). To establish a grave miscarriage of justice in a habeas corpus case, the petitioner "must make a strong showing of actual innocence." *Id.* at 595-96.

Before considering the merits of Moran's motion, the Court must first determine whether it is a "true" Rule 60 motion or a second or successive habeas petition. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). This threshold inquiry is necessary because before a petitioner may file "a second or successive application ... in the district court, [he] shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A "true" Rule 60 motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. Thus, Rule 60(b) motions are appropriate "when no

2

'claim' is presented," and "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction . . . ." *Id.* at 533.

Moran does not identify errors in how the Court analyzed the merits of his petition, nor does he challenge any non-merits aspects of the Court's decision. Instead, he presents a new claim that defense counsel and the prosecutor suppressed the chief prosecution witness's juvenile criminal record. ECF No. 58, PageID.6. This, Moran maintains, allowed the prosecutor to inaccurately argue that Moren's bad influence induced the witness's criminal behavior. *Id.* Moran argues that suppression of the witness's juvenile history amounted to "not only a *Brady* issue, but the result was a fraud upon the court and jury demanding reversal of Petitioner's convictions." *Id.*

Moran's motion seeks reversal of his conviction based on the alleged fraud on the trial court. The motion, therefore, must be considered a second or successive habeas petition. This is so even though Moran also alleges that the fraud extended to the habeas corpus proceeding. *See In re Hawkins*, 518 F. App'x 430, 431 (6th Cir. 2013) (holding that where fraud alleged by prisoner "does not relate solely to fraud perpetrated on the federal habeas court," claim should be treated as a second or successive petition rather than a Rule 60 motion) (quotation omitted); *Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006); (concluding that a petition alleging,

3

among other things, fraud on the habeas court, was a second-or-successive petition because "the only factual basis for it lies in the reformulation of [the petitioner's] habeas claims of fraud on the state court in the guise of fraud on the habeas court"), *Littlepage v. Barrett*, No. 1:20-cv-800, 2021 WL 5275721, at *3 (S.D. Ohio Nov. 12, 2021) ("[I]f the fraud on the habeas court includes (or necessarily implies) related fraud on the state court ..., then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding.") (citing *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006)).

In sum, Moran's motion is a second or successive federal habeas petition because it raises new claims for relief from his state court conviction. He has not obtained appellate authorization to file a subsequent petition. *See* 28 U.S.C. § 2244(b)(3); *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Without advance authorization, the motion must be transferred to the Sixth Circuit Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED.**

Dated: August 8, 2025         s/Brandy R. McMillion
   Detroit, Michigan        HON. BRANDY R. MCMILLION
       United States District Judge